IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| American Energy Corporation and Consolidated Land Company, | : | |
| | : | Civil Action 2:09-cv-00623 |
| Plaintiffs | : | Judge Smith |
| v. | : | Magistrate Judge Abel |
| Texas Eastern Transmission, LP, | : | |
| Defendant | : | |
| | : | |

## Status Conference Order

On March 4, 2010, counsel for all parties participated in a discovery dispute conference with the Magistrate Judge. Before the conference, counsel were advised to provide me with the discovery requests and communications between them regarding the dispute. I received an email chain with the last email being a March 2, 2010 email from AEC's counsel John Jevicky to TEC's counsel David Overstreet. I also received a March 2, 2010 emailed letter from Mr. Jerivicky to me outlining the discovery dispute. Copies of the email, including attachments, went to all counsel.

AEC noticed a Rule 30(b)(6) deposition seeking broad-based discovery about TEC's experience in Ohio and outside Ohio with mitigation to minimize damage to its pipelines from longwall mining beneath them. Topics included agreements between TEC and coal mining companies regarding mitigation, tests, investigation and studies, TEC's federal and state regulatory obligations, TEC's plans to re-route the gas transmission line at issue in this lawsuit, pre-design and design activities for mitigation in Monroe County, Ohio,

expected costs of that design work, and operational mining procedures for TEC's pipelines in general as well as in Monroe County, Ohio.

TEC argued that the discovery was not relevant because the issue in this lawsuit is whether AEC's property rights require TEC to mitigate any damage to its pipeline that might be caused by AEC's longwall mining under it. TEC maintains that the issue is legal. None of the information sought would help resolve that legal issue.

AEC argued that it is relevant whether TEC resolved previous mining disputes based on who had the superior property right. It is important to know the costs of mitigation that, if TEC prevailed, AEC would be required to pay. AEC maintained that the information was relevant to its nuisance claim and to its prayer for punitive damages. The testimony obtained might demonstrate that TEC acted in bad faith because it has an obligation under regulatory requirements and/or the deed restriction to permit mining. Further, TEC's use of the property is a nuisance because it is thwarting AEC's right to exercise its superior property rights. TEC responded that there is no such nuisance claim under Ohio law. Alternatively, if there is, the information sought is not relevant to the essential elements of the claim. TEC requested the right to brief the issue of whether the information sought is relevant to AEC's nuisance claim.

AEC generally argued that the discovery sought would be relevant to the defenses TEC discusses in its briefs on its motion to dismiss and in discussions with me regarding scheduling and settlement discussions about going forward with mitigation and defining the legal issues to be presented for decision. Since TEC has not filed an answer, I have no basis for evaluating AEC's argument.

AEC also argued that the information was relevant to settlement. TEC conceded that some of the information might be relevant to settlement, but argued that it was not discoverable because it was not relevant to any legal issue in the lawsuit.

<u>Order</u>. I lean toward TEC's analysis of the relevance of the Rule 30(b)(6) topics to AEC's claims. I agree that with TEC's contention that AEC should set out the essential elements of its nuisance claim and prayer for punitive damages, then brief whether the discovery sought is relevant to them. If AEC believes the discovery is relevant to TEC's defenses, it should state its understanding of those defenses, set out the essential elements of the defenses, and explain how the information sought would likely be relevant. Consequently, I will not now order TEC to present a Rule 30(b)(6) deponent on the topics because AEC has not demonstrated their relevance to the claims and defenses of the parties.

However, I strongly believe that parties to a lawsuit should not use scarce judicial resources without fully exploring settlement. I have spent more time on this case than any of my approximately 450 pending cases. Both sides to a lawsuit have the obligation to exchange the information necessary for each to fairly evaluate settlement.

While the discovery sought may not be relevant to the claims and defenses of the parties here, it is clearly relevant to settlement. TEC asserts that it will cost at least $6,900,000 to perform mitigation to support its pipeline during the longwall mining underneath it. AEC alleges that it will lose about $15,000,000 if it is unable to mine the coal.

The stakes are high and the window on settlement is closing. Design for mitigation is underway, but TEC has given AEC nothing more than a cost estimate of about/at least

3

$1,000 a foot. AEC is entitled to information about pre-design, design and implementation of mitigation, so that it can accurately estimate its likely liability if the court ultimately determines that it is responsible for all or a portion of the costs of mitigation.

Similarly, TEC is entitled to damages information from AEC. It very recently requested information about how much it would cost to buy the 390,000 tons of coal under the pipeline. AEC has agreed to provide TEC with a number next week. It will provide backup for the calculation no later than March 19.

For the reasons stated above, TEC is ORDERED to provide AEC with the following information or make available a Rule 30(b)(6) witness to provide documents and testimony about the costs of mitigation to support the pipeline above the longwall mining at issue here. The witness must also testify about the regulatory requirements related to the maintenance and operation of the pipeline over the property AEC intends to mine. That deposition must take place no later than March 19, 2010.

<u>Settlement Discussion about the costs of mitigation</u>. On February 16, counsel were generally in agreement that a viable procedure was for the parties to proceed with mitigation and to agree that the costs of mitigation ultimately be borne by the parties consistent with this Court's determination of their property rights in the section to be mined. An agreement of a concept to take back to their clients was not reached because there was no agreement about how to approach the Ohio Mining Reclamation Commission proceeding. Since then, the Commission refused to reconsider its order that TEC provide AEC with discovery substantially equivalent to that at issue in AEC's Rule 30(b)(6) notice here, indicating that it would address the issue of relevance later. Since the discovery was

4

scheduled to take place in February, TEC elected to dismiss its appeal to the Commission.

I still don't see why the parties have been unable to reach an agreement about how to proceed to resolve their dispute. Their interests are congruent, except for their dispute about who should pay the costs of mitigation. Even that dispute could easily be resolved based on past practices unless one or both parties realistically hopes to change the way mitigation costs are treated by obtaining a favorable legal decision. But having failed to reach agreement, they will have to live with a resolution of their dispute by the Court and/or some other body. As I've said before, that path will likely be littered with multiple appeals to higher courts. The end of that road may well not yield any greater certainty than that yielded by resort to past experience.

I understand TEC's feeling that AEC was unwilling to budge on the Mining Reclamation Commission matter and that–as it views the dispute–it gave on the mitigation issues but got nothing on the Commission matter. That doesn't mean that TEC should rule out further attempts to reach an agreement. No one benefits from uncontrolled litigation costs. From all I've heard, if the mining goes forward TEC will do the mitigation. So an agreement regarding those costs and how the dispute is going to be presented to the court for resolution would benefit both TEC and AEC.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of

5

the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

                                                                         s/Mark R. Abel
                                                                         United States Magistrate Judge